# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Southern District of Texas |
|---|---|---|
| Name (under which you were convicted): Gerardo Gilberto Rivera | | Docket or Case No.: 2:04-CR-0530 |
| Place of Confinement: Beaumont Federal Correctional Complex | Prisoner No.: 41155-179 | 2:12cv381 |
| UNITED STATES OF AMERICA  v.  | Gerardo Gilberto Rivera | Movant (include name under which you were convicted) |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
United States District Court, Southern District of Texas, Corpus Christi Division, 1133 N. Shoreline Blvd., Corpus Christi, Texas 78401

  (b) Criminal docket or case number (if you know):  2:04-CR-0530

2. (a) Date of the judgment of conviction (if you know):  November 15, 2004

  United States Courts
  Southern District of Texas
  FILED
  DEC 10 2012
  David J. Bradley, Clerk of Court

  (b) Date of sentencing:  June 9, 2005

3. Length of sentence:  235 Months

4. Nature of crime (all counts):  Possession with intent to distribute methamphetamine.

5. (a) What was your plea? (Check one)
   (1) Not guilty ☒   (2) Guilty ☐   (3) Nolo contendere (no contest) ☐

  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)  Jury ☒   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☒   No ☐

8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐

9. If you did appeal, answer the following:

   (a) Name of court:   **Fifth Circuit Court of Appeals**

   (b) Docket or case number (if you know):

   (c) Result:

   (d) Date of result (if you know):

   (e) Citation to the case (if you know):

   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒

      If "Yes," answer the following:

      (1) Docket or case number (if you know):

      (2) Result:

      (3) Date of result (if you know):

      (4) Citation to the case (if you know):

      (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

   Yes ☒   No ☐

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court:   **Southern District of Texas, Corpus Christi Division**

      (2) Docket or case number (if you know):   **09-CA-087**

      (3) Date of filing (if you know):   **April 20, 2009**

(4) Nature of the proceeding: **Motion to vacate**

(5) Grounds raised: **Grounds raised were improper for this type of motion.**

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☒   No ☐

(7) Result: **Court ordered an out-of-time appeal for Movant and dismissed the remaining issue without prejudice.**

(8) Date of result (if you know): **unknown**

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: **N/A**

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☐

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes ☐   No ☐

(2) Second petition:   Yes ☐   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: Whether Movant received ineffective assistance of counsel when Movant's attorney advised him to proceed to trial rather than accepting the plea agreement offered by the government?
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel instructed Movant to reject a favorable plea agreement and proceed to trial even though there was overwhelming evidence against Movant. Counsel did not research the facts and law against Movant's legal position. Counsel failed to communicate the risks of trial. Counsel grossly underestimated the sentence Movant would receive. Counsel failed to inform Movant on the facts and law so that he could make an intelligent decision on whether to accept the favorable plea offer or go to trial.

**( SEE ATTACHED BRIEF IN SUPPORT OF THIS § 2255 MOTION )**

(b) Direct Appeal of Ground One:
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐   No ☒
    (2) If you did not raise this issue in your direct appeal, explain why:

**Ineffective assistance claims are not proper on direct appeal.**

(c) Post-Conviction Proceedings:
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☒   No ☐
    (2) If your answer to Question (c)(1) is "Yes," state:
    Type of motion or petition: **Improper Rule 60(b) Motion**
    Name and location of the court where the motion or petition was filed: **Southern District of Texas, Corpus Christi Division**

Docket or case number (if you know):   09-CA-087

Date of the court's decision:   unknown

Result (attach a copy of the court's opinion or order, if available):   **Rule 60(b0 Motion was an improper motion and should have never been filed. It was done on the advise of a "jailhouse lawyer" and written by the same who did not know the rules, law or proper procedure.**

(3) Did you receive a hearing on your motion, petition, or application?

   Yes ❏   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❏   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND TWO:**          **N/A**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:   **NO**

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐  No ☒
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At preliminary hearing:  **William May, address unknown**

    (b) At arraignment and plea:  **William May, address unknown**

    (c) At trial:  **William May, address unknown**

    (d) At sentencing:  **William May, address unknown**

Page 12

(e) On appeal:   **Laura Leavitt, 440 Louisiana, Suite 1350, Houston, Texas 77002**

(f) In any post-conviction proceeding:   **N/A**

(g) On appeal from any ruling against you in a post-conviction proceeding:   **N/A**

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The original attorney in this case failed to pay the filing fee for the direct appeal. This failure caused a cascade of problems which resulted in Movant attempting to correct the failures of his counsel on direct appeal. Movant tried to do this himself but because of his complete lack of experience or any prior training with the law he had to seek help from other inmates. He was introduced to a "jailhouse lawyer" who was even worse off because he thought he knew the law but did not. This caused even more confusion and problems.

Thankfully the Honorable Judge Hayden Head recognized this situation for what it was and has issued an order titled:

"ORDER RECHARACTERIZING AS A MOTION TO 28 U.S.C. § 2255"

This motion by the Court recharacterized Movant's motion filed pursuant to Rule 60(b) as a Title 28 U.S.C. § 2255 Motion. The Court's order is date November 14, 2012. The order gives Movant thirty (30) days from the date of the order to file Movant's § 2255 Motion.

Because of the Court's order Movant has redrafted his § 2255 Motion and now submits the motion as timely pursuant to said order.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: **Reduce Movant's sentence to 120 months or grant an evidentiary hearing to determine whether Movant would have accepted the plea offer absent counsel's incompetence and ineffective assistance.**
or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on the 4th day of December, 2012 (month, date, year).

Executed (signed) on 12-4-2012 (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.