IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States Courts
Southern District of Texas
FILED

DEC 10 2012

David J. Bradley, Clerk of Court

| | |
|---|---|
| GERARDO GILBERTO RIVERA, Movant, | § § § § Civil No. C-12-381 |
| vs | § § § Criminal No. C-04-530 |
| UNITED STATES of AMERICA, Respondent. | § § § § |

TO THE HONORABLE JUDGE OF SAID COURT:

BRIEF IN SUPPORT OF MOVANT'S
28 U.S.C. § 2255 MOTION

1. Comes now Gerardo Gilberto Rivera, Movant, pro se, and files his 28 U.S.C. § 2255 Motion and Brief in Support of the § 2255 Motion. Movant will show the following:

ISSUE

WHETHER MOVANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN MOVANT'S ATTORNEY ADVISED HIM TO PROCEED TO TRIAL RATHER THAN ACCEPTING THE PLEA AGREEMENT OFFERED BY THE GOVERNMENT?

RULE

2. To prevail on an ineffective assistance of counsel claim, Movant must satisfy the two-part test set out in Strickland v Washington, 466 U.S. 668 (1984). First, Movant must demonstrate that counsel's performance fell below an objective

standard of reasonableness. Id. "We have described that standard as requiring that counsel 'research relevant facts and law, or make an informed decision that certain avenues will not be fruitful.'" United States v Conley, 349 F.3d 837, 841 (5th Cir. 2003) Second, Movant must prove that he was prejudiced by counsel's substandard performance. "To prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 841-42 "And, of course, 'any amount of actual jail time has Sixth Amendment significance,' which constitutes prejudice for purposes of the Strickland test." Conley, 349 F.3d at 842 (citing and quoting Glover v United States, 531 U.S. 198, 203 (2001)) Additionally, one of the most precious applications of the Sixth Amendment may well be in affording counsel to advise a defendant concerning whether he should enter a plea of guilty. Reed v United States, 354 F.2d 227, 229 (5th Cir. 1965) Also see United States v Ramos-Garcia, 184 F.3d 463, 465-66 (5th Cir. 1999)(vehicle stop cases where contraband is discovered in "hidden compartment[s]" accompanied by other circumstantial evidence suspicious in nature such as "nervous[ness]," satisfy the knowledge element).

## ARGUMENT

## CAUSE

3. Movant's case is a run-of-the-mill drug case in which his vehicle was stopped at a border checkpoint entering the United States. After being stopped Movant's nervous behavior prompted the agents to ask if they could search the vehicle. Movant gave the agents consent to search. The search uncovered a hidden compartment containing a large quantity of methamphetamine. As the owner and driver of the vehicle Movant was arrested and later indicted for the

crime. There is no unusual or unique circumstances in this case. The laws against Movant's legal position concerning the stop, search and arrest are clear and well established. Id. Ramos-Garcia  Because of these facts the government offered Movant a fair plea agreement but Movant's counsel advised him to reject the offered plea which prevented Movant from receiving a favorable sentence.

4. Counsel's incompetence by giving erroneous advise to Movant to reject the government's plea offer greatly increased the length of Movant's prison sentence. Counsel informed Movant that the government offered a five (5) year plea agreement. Counsel advised Movant that if he accepted the plea deal he would expose himself to any sentence from 7 years to 10 years in prison. Counsel advised Movant to reject the plea offer because the risk of a 7 to 10 years sentence was to great. Counsel advised Movant to go to trial because counsel assured Movant he would be acquitted of the charges. Counsel never once mentioned a sentence greater than ten (10) years. Had counsel ever told Movant that he could receive 235 months by going to trial he would have insisted on accepting the government's plea offer. "By grossly underestimating (the defendant's] sentence exposure ..., [counsel] breaches his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge is desirable." United States v Ridgeway, 321 F.3d 512, 514 (5th Cir. 2003) Counsel's failure to properly advise Movant of the maximum sentence Movant could receive "falls below the objective standard required by Strickland," Teague v Scott, 60 F.3d 1167, 1171 (5th Cir. 1995)

5. Based on these facts it is apparent counsel failed to research the facts and law concerning Movant's case when counsel advised Movant to reject the government's plea offer and proceed to trial. Had counsel researched the

relevant facts, law and the differences in sentencing between a plea agreement verses going to trial he would have known that in almost every case the plea agreement results in a substantially lower sentence. Id. <u>Teague</u>  Even a first year law student would know accepting the plea agreement in Movant's legal situation would be the most beneficial and the proper avenue based on the facts, law and sentencing practices in Federal Courts.

6.  Counsel failed to explain to Movant how that when Movant consented twice to the search of his vehicle it would preclude any Fourth Amendment challenge of "illegal search and seizure." Counsel failed to explain to Movant how at trial the agents testimonies, his nervous behavior, his inconsistent statements, the hidden compartment full of drugs in his vehicle and other evidence against him would be admitted and used to prosecute him in front of a jury. Id. <u>Ramos-Garcia</u>  Counsel failed to explain the high probability of how the facts, evidence and law could compel the jury to find him guilty regardless of his own statements to the contrary. Id. <u>Ramos-Garcia</u>  Counsel failure to properly explain to Movant these inevitable threats to a sound trial strategy or defense prevented Movant from making an intelligent decision on proceeding with a trial. Without this type of information Movant was unable to assist in preparing or even having an intelligent discussion about his legal options. Id. <u>Teague</u> at 1171

7.  Counsel's lack of competence on the erroneous advise to reject the plea offer, counsel's failure to properly inform Movant of the risks of going to trial, counsel's misplaced belief trial was the best avenue and counsel's incompetence on his grossly inaccurate advise concerning sentencing all rendered counsel's actions in this case unreasonable and prove counsel was ineffective. Concerning the "cause prong" of <u>Strickland</u> the Fifth Circuit Court stated, "We have described

that standard as requiring that counsel 'research relevant facts and law, or make an informed decision that certain avenues will not be fruitful.'" Conley, 349 F.3d at 841  Counsel's failure to properly inform Movant prevented him from having the knowledge or fully understanding the risks of going to trial. Because Movant did not have the basic knowledge or a full understanding of the risks of trial he was unable to make an intelligent decision on whether to accept the plea agreement or go to trial. "When the defendant lacks a full understanding of the risks of going to trial, he is unable to make an intelligent choice of whether to accept a plea or take his chances in court." Teague at 1171, see Attachment "A"

8.  For the reasons stated above counsel's misplaced advise to Movant that he should go to trial instead of accepting the plea agreement is an unprofessional error that falls well below the "objective standard of reasonableness" as discussed in Strickland. In light of the facts of the case it is apparent counsel failed to research the facts and law, nor did counsel make an informed decision that trial was not a fruitful avenue for Movant's case. Conley at 841  Because counsel's failed to properly advise Movant on any of the issues Movant lacked even a basic understanding of his situation which made it impossible to make an informed or intelligent decision on whether to accept the plea or take his chances in court. Teague at 1171  The combination of counsel's errors and omissions resulted in a waste of judicial resources and Movant being harmed and prejudiced by the his erroneous decision to go to trial. Counsel's errors and omissions also resulted in Movant suffering from a much harsher prosecution and a greatly increased prison sentence.

PREJUDICE

9.  In Conley supra, the Fifth Circuit stated, "of course, 'any amount of actual

jail time has Sixth Amendment significance,' which constitutes prejudice for the purpose of the Strickland test." (citing and quoting Glover, 531 U.S. at 203). Later the Fifth Circuit stated, "We hold that Glover abrogates the significantly less harsh test, and that **any** additional time in prison has constitutional significance." United States v Grammas, 376 F.3d 433, 438 (5th Cir. 2004)(emphasis in original) "To prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. Conley at 841-42. Movant will show the following:

10. Because of counsel's incompetence and his erroneous advise to Movant that he should proceed to trial Movant elected to put the government to the burden of trial. Movant went to trial and was found guilty. At sentencing Movant's sentence was calculated according to the United States Sentencing Guidelines (U.S.S.G.). Movant sentencing level pursuant to § 2D1.1 was set at Level 38, Category I for a sentencing range of 235 to 293 months. Movant received a 235 month sentence of imprisonment with 5 years of supervised release.

11. Counsel told Movant that the government made an plea offer of five years. Counsel advised Movant to reject the plea offer because it would expose Movant to a potential sentence of ten years. Had Movant been advised properly on this plea offer and the real risks of trial he would have accepted the plea offer. Movant could have received a ten years (120 month) sentence which is 115 months shorter than the 235 month sentence he has now. A 115 months of additional time in prison establishes prejudice under Glover and Strickland.

12. In the alternative, if the government's plea offer charged the same conduct as the jury's verdict and Movant received a sentencing level of Level 38, he would still receive a far shorter sentence. Had counsel properly and timely advised Movant to take the plea offer Movant would have accepted the plea in a timely manner. Had Movant accepted the plea in a timely manner so the government could have avoided the time and expense of trial preparations and prosecuting he would have received a more favorable sentence. Movant would have qualified to receive a sentence reduction for Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1(a) which is a 2 point sentence reduction, or a § 3E1.1(b) reduction which is a 3 point sentence reduction. Movant was sentenced at the low end of the guidelines. Had Movant received the § 3E1.1(a) reduction his sentencing level would have dropped from Level 38 to Level 36. This would have changed his sentence from 235 months to 188 months, a 47 month reduction in his sentence. Had Movant received the § 3E1.1(b) reduction his sentencing level would change from Level 38 to Level 35. This would have changed his sentence of 235 months to 168 months, a 67 month sentence reduction. Both the § 3E1.1(a) 47 month reduction and the § 3E1.1(b) 67 month sentence reduction meet the prejudice prong of <u>Strickland</u> and <u>Glover</u>. These differences in sentencing show that had counsel properly advised Movant he would have known about the reduced sentencing and he would have accepted the plea offer. With Movant properly advised there would be a reasonable probability that the proceedings would be different. Id. <u>Conley</u> at 841-42

13. Counsel's failure to properly advise Movant during the initial stages of this case had a devastating effect on Movant's sentence. Had counsel informed Movant of the dangers of going to trial in light of the evidence he would have plead guilty. Had Movant plead guilty he would have qualified for a greatly reduced

sentence compared to his current sentence. As shown above Movant's sentence could have been 47 months to 115 months shorter. Even the worst case scenario in which the plea agreement being the same as the jury's verdict Movant's sentence would have at least been 47 months shorter pursuant to a § 3E1.1(a) sentence reduction. Counsel's incompetence and his erroneous advise caused Movant to reject the government's favorable plea offer and in turn caused Movant to suffered a much greater prison sentence of at least 47 months. Id. <u>Strickland</u> and <u>Glover</u>.

## CONCLUSION

14. From the onset of this case it was obvious Movant would not prevail at trial. None of Movant's claims are the result of hindsight. The facts speak for themselves. Going to trial did not add any new or revealing evidence. The evidence used to prosecute Movant was available to counsel before trial. Counsel's decision to advise Movant to go to trial cannot be considered a "sound strategy or tactic" considering the risks involved. Counsel's decision to go to trial in light of the evidence, facts and law against Movant clearly demonstrates counsel's incompetence. Because of counsel's incompetence Movant suffered both a harsher prosecution and a far greater prison sentence. Had counsel properly and timely advised Movant he would have accepted the government's plea agreement. Movant would have received a sentence 115 months lower than the 235 month sentence he has now. In the interest of justice this Court should reduce Movant's sentence to 120 months (mandatory minimum), or in the alternative this Court should order an evidentiary hearing to evaluate whether Movant would have accepted the government's plea offer absent counsel's incompetent and ineffective assistance.

Respectfully Submitted

_____
Gerardo Gilberto Rivera #41155179
F.P.C. Beaumont, Unit GC
P.O. Box 26010
Beaumont, Texas 77720-6010

## CERTIFICATE OF SERVICE

I, Gerardo Gilberto Rivera certify that I have place a true and correct copy of the foregoing 28 U.S.C. § 2255 Motion and Brief in Support of the § 2255 Motion in the institutional mailbox, first class postage affixed, properly addressed to the United States Attorney's Office, 800 N. Shoreline Blvd., Suite 500, Corpus Christi, Texas 78401 on the 3rd day of December, 2012.

Signed

_____
Gerardo Gilberto Rivera

| | | |
|---|---|---|
| State of Texas | § | **ATTACHMENT "A"** |
| | § | |
| Jefferson County | § | |

### AFFIDAVIT OF GERARDO GILBERTO RIVERA

I, Gerardo Gilberto Rivera, a federal prison, presently incarceration at Beaumont, Texas, do solemnly swear, state, dispose and confirm the following:

1. I am the defendant in Cause Number C-04-530 out of the Southern District of Texas, Corpus Christi Division. I was convicted by a jury of a drug offense in that court on November 15, 2004 with the Honorable Judge Hayden Head presiding.

2. I have filed in the same court a Title 28 U.S.C. § 2255 Motion and Brief in Support of the § 2255 Motion in which I stated and now confirm in the body of this affidavit the following facts:

3. That my attorney, William May (hereinafter known as "counsel"), represented me during the pretrial proceedings and during trial after I was arrested on the charges in Cause No. C-04-530. Counsel informed me that the prosecutor in my case offered a plea agreement for a five (5) years prison sentence. Counsel went on to say that I should reject the plea offer because if I accepted the plea the judge, at sentencing, could increase my sentence from the offered five years to seven (7) years and possibly even to a ten (10) year prison sentence. Counsel advised me to reject the plea offer because he said I could go to trial and he would win my case. Counsel told me that if I went to trial I would be acquitted and I would go home. Counsel assured me he knew what he was doing and had won cases such as mine before. Counsel never once told me that going to trial would expose me to a prison sentence, nor did he ever say that I could receive a sentence four times greater than the original plea offer. Had counsel told me this I would have accepted the government's plea offer.

4. Counsel told me that at trial the government could not prove I was responsible for the drugs because to many other people had used the vehicle and

I had not had possession of the vehicle long enough. Counsel advised me the going to trial would be the best way to proceed because these facts would create to much doubt in the jury's mind and that would prevent me from being found guilty. I believed counsel knew what he was talking about because he is an attorney. Also he had told me he had handle a lot of cases like mine so I believed with all the experience he had he could do what he was saying.

5. Counsel never explained how he would argue my case, nor did he talk to me about how the trial would go or any defense strategy. He told me not to worry about anything because he knew the law and that it was his duty to protect me. He told me all I needed to do was pay his fee and not talk to anyone about my case and if anyone asked if I knew anything about the drugs I was to say "no". I followed my counsel's instructions as well as I could.

6. Had my counsel explained the potential problems with the issues of my case or what was going on with my case or if he would have explained that I could have received a sentence greater than the plea offer I would have accepted the government's offer. I would have plead guilty and accepted responsibility for the crime I am charged with. Counsel never told me anything except for me not to worry about anything. Counsel always made told me everything was going to turn out just fine and I would be home with my family as soon as the trial was over.

I, Gerardo Gilberto Rivera, hereby swear under the penalty of perjury pursuant to Title 28 U.S.C. § 1746 that the statements in this affidavit are true and correct to the best of my knowledge and belief.

Executed on the 4th day of December, 2012

Execute by _____
Gerardo Gilberto Rivera